UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

ARMANDO ARCE,

    Plaintiff,

v.                                       18-CV-635
                                             DECISION & ORDER
DAVID L. TURNBULL, Support
Magistrate, et al.,

    Defendants.

On June 4, 2018, the plaintiff, Armando Arce, commenced this action. Docket Item 1. On November 4, 2019, defendants Michael Griffith, David Turnbull, and the State of New York moved to dismiss. Docket Item 11. The next day, this Court referred this case to United States Magistrate Judge Hugh B. Scott for all proceedings under 28 U.S.C. § 636(b)(1)(A) and (B). Docket Item 13.

On November 19, 2019, defendant Chautauqua County moved to dismiss. Docket Item 16. Arce did not respond to either motion to dismiss, and the time to do so passed. On January 9, 2020, defendant Chautauqua County "replied" in support of its motion. Docket Item 17. On January 17, 2020, Arce moved to appoint counsel. Docket Item 18.

On May 13, 2020, Judge Scott issued a Report and Recommendation ("R&R") finding that the defendants' motions should be granted and that Arce's motion should be denied. Docket Item 19. Judge Scott's chambers mailed a copy of the R&R to Arce by first-class mail that day. *Id.* Objections were due fourteen days from receipt. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). Neither party objected by that deadline.

On July 20, 2020, this Court issued a decision and order adopting the R&R, granting the defendants' motions to dismiss, and denying Arce's motion to appoint counsel. Docket Item 20. The Clerk of Court mailed a copy of that decision and order to Arce that same day. *See* Docket Remark dated July 20, 2020. The following day, the Clerk of Court entered judgment and closed this case. Docket Item 21. The Clerk of Court also mailed a copy of the judgment to Arce. *Id.*

On August 21, 2020—nearly two months after the deadline for objections—Arce filed an objection to the R&R. Docket Item 22. He also moved to add parties, Docket Item 23, and for leave to file an amended complaint, Docket Item 24. In his objection, Arce claims that "[t]he court clerk mailed the [R&R] to me on the same day the Magistrate filed his Order on [the] Motion to Dismiss for Failure to State a Claim (July 20, 2020). The next day, Hon. Lawrence J. Vilardo filed his judgment (July 21, 2020)." Docket Item 22 at 1. Thus, Arce contends, he "was under the impression the Magistrate was still considering [his] motion for the appointment of counsel" when he supposedly received the R&R. *Id.* at 3.

Arce further explains that he has asked to use the CM/ECF e-filing system but has not been granted permission to do so. *Id.* He also notes that "[i]n the course of defending [his] pleadings on several other matters [he] has discovered the complexity of prosecuting these serious allegations, along with some minor factual errors in his complaint and has discovered some additional factual matters, intimately connected to the deprivation of rights originally alleged." *Id.* at 3.

Arce has not demonstrated good cause for his untimely filing. As explained above, the docket states that Judge Scott's chambers mailed a copy of the R&R to Arce

on May 13, 2020. Docket Item 19. That mail has not been returned as undeliverable. Instead, it appears that Arce may be confusing this Court's decision and order, which was dated July 20, 2020, with the R&R. Moreover, even assuming that Arce did not receive the R&R until July 20, 2020, his objection was not filed until a month later—outside the 14-day period for objections. And the R&R explicitly advised Arce of the deadline for objections. *See id.* at 10 (advising that objections must be filed "[w]ithin 14 days after being served with a copy of the recommended disposition" and that "failure to object timely to a magistrate judge's report may operate as a waiver of any further judicial review of the decision" (citations omitted)).

What is more, even if this Court were to excuse Arce's untimely filing, neither his late-filed objection nor his motions offer any grounds on which to reject Judge Scott's R&R. More specifically, Judge Scott found that due to "the existence of a final judgment from state court and [Arce]'s unmistakable efforts to upset that judgment, this Court has two reasons why it cannot entertain this case: the domestic-relations exception and the *Rooker Feldman* doctrine." Docket Item 19 at 9 (citing *Botsas v. United States*, 5 F. App'x 69, 70 (2d Cir. 2001) (summary order) ("The *Rooker–Feldman* doctrine provides that federal courts lack jurisdiction over a case if the exercise of jurisdiction would result in reversal or modification of a state court judgment. Where claims raised in a federal action are 'inextricably intertwined' with a state court's determination, dismissal of the federal claims for lack of jurisdiction pursuant to *Rooker–Feldman* is proper.")). Arce has not provided any reason to revisit Judge Scott's sound recommendation.

Accordingly, this Court's decision and order dated July 20, 2020, and judgment dated July 21, 2020, remain in place. Arce's motions to add parties and to amend his complaint, Docket Items 23 and 24, are DENIED AS MOOT.

SO ORDERED.

Dated:	September 2, 2020
	Buffalo, New York

				*/s/ Lawrence J. Vilardo*
				LAWRENCE J. VILARDO
				UNITED STATES DISTRICT JUDGE